**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HIGHLINE SPIRITS COMPANY, LLC,

       Plaintiff,

v.

VOSA SPIRITS, LLC,

   and

UNCOMMON CANNING, LLC

       Defendants.                            /

Case No. 1:25-cv-266

Hon.

MILLER, CANFIELD, PADDOCK and
   STONE, P.L.C.
Joseph M. Infante (P68719)
Infante@millercanfield.com
99 Monroe Avenue NW, Suite 1200
Grand Rapids, Michigan 49503
(616) 454-8656

MILLER, CANFIELD, PADDOCK and
   STONE, P.L.C.
Anita C. Marinelli (P81986)
Marinelli@millercanfield.com
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420

*Attorneys for Plaintiff*                            /

**COMPLAINT**

Plaintiff Highline Spirits Company, LLC ("Plaintiff" or "Highline") for its Complaint against Defendants Vosa Spirits, LLC ("Vosa") and Uncommon Canning, LLC ("Uncommon Canning") (collectively, "Defendants"), by and through its undersigned counsel, respectfully states as follows:

## NATURE OF THE CASE

1. Highline is a small but growing spirits and alcoholic beverage company founded in Dexter, Michigan in 2021 by its CEO Christi Lower. Christi left her job as a pediatric physician assistant to pursue her passion in entrepreneurship and build a female-founded business, finding success and purpose in Highline. Christi pursued this business in the right way; she developed a quality product, worked hard to build a brand, strategized about strategic expansion, and cared deeply about customer experience. As part of her brand building, Christi ensured that Highline registered its trademarks with the United States Patent and Trademark Office, including its key brand name HIGHLINE.

2. Now, just four years after its founding, Highline is a growing success, with sales from Florida to California to New York and everywhere in-between. Its next and logical step in this growth was getting ready to launch a ready-to-drink beverage incorporating its well-received spirits, expanding its offerings and reach additional customers and venues. But, just as that growing success was turning into sustainable next steps, a late-arriving, venture-backed behemoth has stepped in to try and shoulder Highline out of the market: Vosa. Without any regard for Highline's registered trademark rights, Vosa introduced a ready-to-drink beverage using the HIGHLINE name. It did so with significant financial backing and celebrity firepower, quickly overwhelming the market.

3. Faced with this direct challenge to its business, Highline tried to engage informally with Vosa regarding its infringement. Vosa refused to change its behavior. Now, with the summer season fast approaching, Highline was left with no option but to bring this case, and ask this Court to halt this infringement and prevent further harm to Highline.

4. Highline brings this case for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C § 1501, *et seq.*, as well as related state and common law claims, in which it seeks injunctive relief and monetary damages for the willful infringement of its HIGHLINE trademark.

## THE PARTIES

5. Plaintiff Highline Spirits Company, LLC, is a Michigan limited liability company located at 7200 Huron River Drive, Suite B, Dexter, Michigan 48130.

6. Defendant Vosa Spirits, LLC is a Florida limited liability company with its principal place of business at 105 Corridor Rd., #1878, Ponte Vedra Beach, Florida 32204. Defendant licenses its Vosa trademark for use on a vodka-based canned cocktail that it markets and sells using the name HIGHLINE.

7. Defendant Uncommon Canning is a non-alcoholic and alcoholic beverage service provider that manufactures and packages Vosa's products.

8. Defendants are infringing Plaintiff's rights in its HIGHLINE trademark by using confusingly similar marks to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Plaintiff and Defendants when there is none, and by deliberately trading off of the extensive goodwill that Plaintiff has developed and is continuing to develop in its well-known and highly valuable HIGHLINE mark.

9. Defendant Uncommon Canning is a Michigan limited liability company with its principal place of business at 4432 South Buttermilk Ct. Suite 400 Hudsonville, Michigan 49426.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 15 U.S.C § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C § 1367, which are integral to Plaintiff's federal claims and arise from a common nucleus of operative facts. Resolving the state-law claims with the federal claims will therefore further judicial economy.

11. This Court has personal jurisdiction over Defendants because they have the requisite minimum contacts within this State and this District; Defendants purposefully availed themselves of the privilege of conducting business in this State and this District; Defendants regularly conduct and/or solicit business within this State and this District; Defendants advertise and sell infringing products in this State and this District; and Plaintiff's causes of action arise directly from Defendants' activities in this State and this District.

12. Additionally, Uncommon Canning resides in this District.

13. Venue in this Court is proper under 28 U.S.C § 1391. Defendants have transacted business in this District and have directly or indirectly committed or induced acts of trademark infringement in this district.

**FACTS GIVING RISE TO THIS ACTION**

**A.     Plaintiff And Its HIGHLINE® Trademark**

14. Highline was founded on the principles of facing life's challenges, growing through those challenges, and maintaining integrity through it all. Those principles led to the company name, which is inspired by the Highline Trail in Glacier National Park – a famously difficult hiking trail with a spectacular payoff of amazing views. Christi Lower, the founder and owner of Highline, chose the name in part to remind herself, the company, and her family of a

- 4 -

simple truth: you can do hard things, and hard things can lead to amazing rewards.

15. These principles form the backbone of Highline's operational philosophy. As a woman in a male-dominated industry, Christi knew she faced an uphill battle to achieve recognition in the distilling space. She worked hard at her craft, studying and graduating from a prestigious distilling program at the University of Louisville. Combining that training with her love of chemistry and creation, Christi and Highline have achieved nationwide and even international recognition in the years since it opened.

16. These principles are embodied in the Highline name. To protect that name and the brand it represents, Highline sought and obtained a federally registered trademark, HIGHLINE, U.S. Patent and Trademark Office Registration No. 7170816 (the "Mark") for "Alcoholic beverages, except beer; Distilled spirits; Whisky." *See* Exhibit 1 – Trademark Registrations.

17. Highline continued to protect its brand by seeking trademark protection on specific representations of the HIGHLINE name, including a pending trademark application and the term stacked as shown below for "Alcoholic beverages, except beers; bourbon whisky; spirits; whiskey; distilled spirits" (Serial No. 98598979) and HIGHLINE for "Wine" and "Beer" (Serial No. 97779203):

>HIGH
>LINE

*See* Exhibit 2 – Trademark Applications.

18. These protections are essential to ensuring the recognition for the Highline brand both now and in the future.

**B.    The Distilling Industry and its Products**

19. The modern spirits industry is founded on a series of related products, all of which begin with a basic distilled spirit. Specifically, many companies in distilling create a base spirit,

whether it is gin, rum, tequila, whiskey, vodka, or some other distilled spirit, and then combine that spirit with another drink to create a cocktail for consumption. These combinations can be sold in tasting rooms as poured cocktails or can be bottled or canned and sold in bulk at stores, sometimes called Ready-to-Drink cocktails or Alcopops.

20. Highline was founded on this model. It started by focusing on its spirits distilling, creating award-winning gin, whiskey, vodka, rum, and tequila spirits. It serves poured cocktails in its tasting room as a compliment to these spirits, and as part of a testing program for Ready-to-Drink and Alcopop recipes. And it is preparing to distribute its own Ready-to-Drink and Alcopop beverages, having selected recipes, developed packaging, and begun regulatory approvals.

21. Highline's branding reflects its business model. Highline designs and brands its spirits products using unique chimeric imagery, all under the Highline brand name. The mythical chimera is a hybrid creature, representing the combination of disparate parts in a wildly imaginative, implausible, or dazzling manner. Consistent with that concept, Highline has trademarked or applied for trademark protection on at least eight different chimeric images for its blended drinks. Examples of these chimera images are below:



*See* Exhibit 3 – Chimera Trademarks.

22. Highline has expended substantial time, money, and resources in the marketing, advertising, and promotion of its products sold under the HIGHLINE Mark, including through extensive internet, print, and physical marketing, advertising, and promotions.

23. Because of these efforts, consumers have come to look for the HIGHLINE Mark to identify Plaintiff's product in the market.

**B.  Defendant Vosa's Unlawful Use of the Mark**

24. Defendant Vosa was founded in 2020 as a venture-capital backed, Ready-to-Drink cocktail company. Originally, none of its beverages were marketed or sold using the name HIGHLINE.

25. In May 2023, Vosa began marketing and selling one of its premium Vodka Cocktail Ready-to-Drink beverages (the "Vosa Products") using the name "High Line" (the "Infringing Mark"). Then, in late 2023, Vosa reached a deal to bring in Kate Upton as co-owner to promote the brand. Backed with venture capital money and a significant social media presence, Vosa's products and presence began spreading throughout the United States. *See* Exhibit 4 – Vosa Promo (excerpts below).





26. Vosa did not seek Highline's permission to use the Infringing Mark, nor did Highline ever authorize or consent to such use.

27. Upon information and belief, Uncommon Canning manufactures the Vosa Products.

28. Upon information and belief, Uncommon Canning obtained and is the holder of the Certificate of Label Approval (COLA) from the Alcohol and Tobacco Tax and Trade Bureau of the U.S. Department of Treasury. *See* Exhibit 5 – COLA.

29. Upon information and belief, Vosa licenses its trademark VOSA name to Uncommon Canning for use on the cans and packaging for the Vosa Products.

30. Notably, Vosa is familiar with the trademark office and has participated in the trademark system, registered trademarks for the name VOSA, the stylized version of that name, and for the name of its drink, SPIRIT SODA. *See* Exhibit 6 – Vosa Trademarks.

31. Despite Vosa's awareness of the U.S. trademark system, and despite Highline's registered trademark rights in HIGHLINE, Vosa adopted the Infringing Mark for use on its Vosa Ready-to-Drink beverages, inducing Uncommon Canning into manufacturing, canning, and then distributing those beverages throughout the United States.

32. Defendants' use of the Infringing Mark in association with the advertising, marketing, and sale of alcoholic beverages, including distilled spirit product lines is likely to cause confusion in the marketplace with Highline's Mark.

33. The Infringing Mark is highly similar, in fact it is nearly identical, in appearance, phonetic pronunciation, sound, and overall commercial impression to Plaintiff's Mark.

**C.    Defendants' Knowledge of The Mark and Prior Conduct of The Parties**

34. Highline first became aware of Vosa's use of the Infringing Mark in March of 2024 when an employee saw the Vosa Products at a Total Wine location in Michigan.

35. Shortly thereafter, on May 2, 2024, and hoping to engage with Vosa before the key summer season for Ready-to-Drink beverages, Highline sent a demand letter to Vosa objecting to Vosa's use of the Infringing Mark on the Vosa Products. Exhibit 7 – Cease and Desist #1.

36. A few days later, Vosa responded refusing to cease and desist its use of the Infringing Mark. Exhibit 8 – Response Letter #1.

37. On May 16, 2024, Plaintiff attempted again to request Vosa's compliance with its demand. Exhibit 9 – Cease and Desist #2.

38. On May 30, 2024, Vosa responded, again, refusing to cease and desist use of the Infringing Mark. Exhibit 10 – Response Letter #2.

39. To date, despite several attempts by Plaintiff to continue a dialog, Vosa has not complied with Plaintiff's demands.

40. As a result, Defendants acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

# COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C § 1114)
### (*Against Vosa And Uncommon Canning*)

41.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

42.     Defendants have adopted and continue to use in commerce a mark identical to or confusingly similar to Plaintiff's Mark, HIGHLINE, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's Mark causes confusion, mistake, and/or deception.

43.     Defendants have infringed and continue to infringe Plaintiff's HIGHLINE mark (Reg. No. 7170816) by using a mark in commerce that is likely to cause confusion, or cause mistake or deceive and/or selling, offering for sale, distributing, and/or advertising products bearing a mark likely to cause confusion, or cause mistake or deceive as to their origin.

44.     The knowing, intentional, and willful nature of the acts renders this an exceptional case under 15 U.S.C § 1117(a).

45.     As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement and is also entitled to its attorney fees and costs as according to law.

46.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's Mark. Plaintiff is entitled to preliminary and permanent injunctive relief to

restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C § 1125)
### (*Against Vosa And Uncommon Canning*)

47. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

48. Defendants' manufacturing, selling, offering for sale, advertising, and/or shipping of the Vosa Products will likely cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' products in violation of 15 U.S.C § 1125(a).

49. Plaintiff's consumer goodwill is of enormous value, and Plaintiff is suffering and will continue to suffer irreparable harm if Defendants' unfair competition is allowed to continue.

50. Defendants' unfair competition and passing off has continued and will likely continue unless enjoined by this Court.

51. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C § 1117(a).

52. As a direct and proximate result of Defendants' acts, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial. Upon information and belief, the acts of infringement and unfair competition by Defendants harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendants.

53. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue

to engage in the unlawful acts. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III
## UNFAIR COMPETITION
## (MCL § 445.903)
### (*Against Vosa And Uncommon Canning*)

54. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

55. Defendants, without Plaintiff's authorization, have used and are continuing to use the same or confusingly similar trademark intended to cause, has caused, and/or is likely to cause confusion, mistake, or deception among consumers between Defendants' products and Plaintiff's products.

56. Defendants' actions described above constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of Michigan's Consumer Protection Act, MCL § 445.903.

57. Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and the goodwill associated with its products.

58. By reason of Defendants; wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that Defendants' products are affiliated with, sponsored by, approved by, or originate from the Plaintiff.

59. As a direct and proximate result of Defendants' acts, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial. Upon information and belief,

the acts unfair competition by Defendants harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendants.

60. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this court, Defendants will continue to engage in unfair competition. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT VIII
## UNFAIR COMPETITION
## (MICHIGAN COMMON LAW)
### (*Against Vosa and Uncommon Canning*)

61. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

62. By its conduct, Defendants have unfairly competed with Plaintiff and continue to compete unfairly with Plaintiff. Plaintiff has no adequate remedy at law for Defendants' continuing acts of unfair competition.

63. By reason of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that Defendants' products are affiliated with, sponsored by, approved by, or originate from the Plaintiff.

64. As a direct and proximate result of Defendants' acts, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial. Upon information and belief, the acts of unfair competition by Defendants harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendants.

65. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this court, Defendants will continue to engage in unfair competition. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

a) Judgment against Defendants and in favor of Plaintiff on all counts;

b) A determination that Defendants is liable to Plaintiff on all Counts;

c) Requiring Defendants, pursuant to the Lanham Act, to deliver to Plaintiff or destroy its entire inventory of infringing products bearing or infringing the Mark;

d) An award of damages under 15 U.S.C § 1117 for the Lanham Act violations in an amount equal to (i) Defendants' profits , (ii) damages Plaintiff has sustained due to Defendants' wrongful conduct, and (iii) costs of this action;

e) An award of Plaintiff's damages trebled plus the costs and attorney fees under 15 U.S.C. § 1117(c), and/or alternatively, Plaintiff's actual damages and/or profits of Defendants that are attributable to the violations alleged herein pursuant to 15 U.S.C § 1117(a);

f) An accounting of Defendants' profits;

g) A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

h) An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendants, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs and disbursements of this action;

i) An award of damages arising from Defendants' unfair competition under common

law, punitive damages, and attorney fees to the extent permitted by law;

      j)      An award of interest, including prejudgment interest on the foregoing sums; and

      k)      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Pro. 38(B) and 5(D), Plaintiff demands a jury trial of all issues triable by jury.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ *Joseph M. Infante*
Joseph M. Infante (P68719)
99 Monroe Avenue NW, Suite 1200
Grand Rapids, Michigan 49503
(616) 776-6333
Infante@millercanfield.com

Anita C. Marinelli (P81986)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
Marinelli@millercanfield.com

Dated: March 10, 2025

43195975.5/161772.00002