UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HIGHLINE SPIRITS COMPANY, LLC, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　)<br>VOSA SPIRITS, LLC, & )<br>UNCOMMON CANNING, LLC, )<br>　　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | No. 1:25-cv-266<br><br>Honorable Paul L. Maloney |

### OPINION AND ORDER RESOLVING MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the court on Plaintiff Highline Spirits Company's motion for a temporary restraining order.[1] (ECF No. 8). The court will deny the motion for a temporary restraining order, order Plaintiff to serve Defendants, and order responsive briefing. The court intends to hold a hearing on Plaintiff's motion for a preliminary injunction.

Plaintiff is an up-and-coming beverage company. (ECF No. 1 at PageID.2). It has a trademark, "HIGHLINE." (*Id.*). Defendants Vosa Spirits, LLC and Uncommon Canning, LLC allegedly infringed upon Plaintiff's trademark when they launched their own ready-to-drink vodka cocktail, "High Line." (*Id.* at PageID.7). Plaintiff alleges that Defendants' mark "is highly similar, in fact it is nearly identical, in appearance, phonetic pronunciation, sound, and overall commercial impression to Plaintiff's Mark." (*Id.* at PageID.9).

---

[1] While Plaintiff's motion requests a TRO and a preliminary injunction, this opinion and order will only resolve the request for a temporary restraining order.

1

District courts have discretion over whether to issue temporary restraining orders. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, but only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361. The four factors are not prerequisites that must be met but are interrelated concerns that must be balanced together. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

Plaintiff's TRO request is procedurally deficient. Plaintiff's filings do not include "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition.*" Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Plaintiff does allege damage to consumer goodwill, its branding, and potential profits. (ECF No. 1); (ECF No. 8). However, Plaintiff does not articulate how or why a TRO is necessary to prevent, what appears to be, more generalized

2

damage to their brand and trademark. *See, e.g., Breeze Smoke LLC v. Yatin Enters. Inc.*, No. 1:22-CV-1182, 2023 WL 3070893, at *2 (W.D. Mich. Apr. 25, 2023) (explaining that while the court granted plaintiff's motion for a preliminary injunction, plaintiff did not meet the requirements for a TRO).

The court has reviewed Plaintiff's complaint and motion for a temporary restraining order. The court will deny the motion to the extent it seeks a temporary restraining order. Service, briefing, and a hearing are to come.

**IT IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 8) is **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendants with (1) the complaint, (2) their motion, and (3) this order. Thereafter, Plaintiff must file proof of service.

**IT IS FURTHER ORDERED** that Defendants must file a response (1) by March 21, 2025, or (2) five business days after service, whichever is later. Defendants' response must be filed by noon of the date realized under either avenue.

**IT IS FURTHER ORDERED** that the court will hold a hearing on Plaintiff's motion for a preliminary injunction (ECF No. 8) at **9:00am Friday March 28, 2025. The hearing will occur at the federal building located at 410 W. Michigan Ave, Kalamazoo, MI 49007.** The court may adjust this date if needed.

**IT IS SO ORDERED.**

Date:  March 14, 2025                                         /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge