UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

HIGHLINE SPIRITS COMPANY, LLC,

        Plaintiff,

v.

VOSA SPIRITS, LLC, and
UNCOMMON CANNING, LLC

        Defendants,

and

UNCOMMON CANNING, LLC,

        Cross-Plaintiff,

v.

VOSA SPIRITS, LLC,

        Cross-Defendant.

Case No. 1:25-cv-266

Hon. Paul L. Maloney

---

MILLER, CANFIELD, PADDOCK and
STONE, P.L.C.
Joseph M. Infante (P68719)
Infante@millercanfield.com
99 Monroe Avenue NW, Suite 1200
Grand Rapids, Michigan 49503
(616) 454-8656

MILLER, CANFIELD, PADDOCK and
STONE, P.L.C.
Anita C. Marinelli (P81986)
Marinelli@millercanfield.com
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
*Attorneys for Plaintiff*

CBH Attorneys & Counselors, PLLC
Steven M. Bylenga (P73492)
Andrew R. McInnis (P83626)
25 Division Ave S., Suite 500
Grand Rapids, MI 49503
(616) 608-3061
steve@cbhattorneys.com
drew@cbhattorneys.com
*Attorneys for Uncommon Canning, LLC*

Mika Meyers PLC
Daniel John Broxup (P72868)
900 Monroe Ave., NW, Ste. 203
Grand Rapids, MI 49503
(616) 632-8000
dbroxup@mikameyers.com

Thomas W. Brooke
Paula Jimenez Nieva
Holland & Knight
800 17th Street N.W., Suite 1100, Washington, DC 20006

*Attorneys for Vosa Spirits, LLC*

## DEFENDANT UNCOMMON CANNING, LLC'S CROSS-CLAIM AGAINST DEFENDANT VOSA SPIRITS, LLC

NOW COMES Defendant/Cross-Plaintiff Uncommon Canning, LLC d/b/a Proper Beverage Co. ("Proper"), by and through its attorneys at CBH Attorneys & Counselors, PLLC, and in support of its Cross-Claim against Defendant/Cross-Defendant Vosa Spirits, LLC ("Vosa"), states as follows:

1. This action was commenced by Plaintiff Highline Spirits Company, LLC ("Highline") against Proper and Vosa for alleged trademark infringement, among other related claims, related to Vosa's use of "High Line" on its on its products, which are alcoholic seltzer beverages.

2. Pursuant to its Complaint, Highline is seeking, among other relief, injunctive relief and monetary damages.

3. Proper is a beverage production and packaging company, with its principal place of business in Hudsonville, Michigan.

4. Generally speaking, Proper provides services, labor, and equipment for the production, bottling/canning, and packaging of beverages on behalf of customers, who market, sell, and distribute the beverages (often through the use of distributors).

5. Depending on the contractual arrangement, Proper's customers provide the ingredients, specifications, and packaging (pre-labeled) to Proper, who in turn makes the beverage, cans/bottles it, and returns it to the customer or, potentially, their distributor of choice.

6. In the fall of 2022, Proper and Vosa entered into a Co-Manufacturing Master Services Agreement ("MSA 1"). See Exhibit A.

7. Pursuant to MSA 1, it was agreed that Vosa was "in the business of marketing, selling, and distributing beverages and wishe[d] to engage Proper to labor and equipment for the purpose of processing, bottling/canning, and packaging beverages for Buyer." *Id.* (Recitals).

8. Pursuant to MSA 1, Vosa was to furnish Proper with specifications, all ingredients, pre-labeled cans, pre-labeled cartons, and pre-labeled trays. *Id.* at 1(a), Schedule 2.

9. Pursuant to MSA 1, Vosa "retain[ed] ownership of and all rights in and to the Finish Product Branding and to any goodwill accruing to the Product Intellectual Property or Information." *Id.* at 4(d). "Finished Product Branding," in turn, includes "trademarks, trade names, trade dress, symbols, slogans, logos, designs, copyrights, images, drawings, labels, artwork, marketing and advertising materials, and similar intellectual property (whether or not registered) used in connection with the manufacturing, labeling, or marketing of the Finished Products." *Id.* at 4(a).

10. Pursuant to MSA 1, it was agreed that Proper would help Vosa assist in the protection or enforcement of any Finished Product Branding, and would "join [Vosa] in any legal action at the expense of Buyer." *Id.* at 4(d).

11. Pursuant to MSA 1, Vosa represented that its instructions and Buyer Materials would be "free from defects in workmanship, materials, and design." *Id.* at 7(b).

12. Pursuant to MSA 1, Vosa agreed to indemnify, defend, and hold Proper harmless from any and all losses, damages, liabilities, deficiencies, claims, actions, judgments, settlements, interest, awards, penalties, fins, costs, or expenses of whatever kind, including actual attorney's fees, relating to/arising out of or resulting from any claim of a third party arising out of or occurring in connection with Vosa's products, Vosa's obligations under the Agreement, or Vosa'a negligence, willful misconduct, or breach of the Agreement.

13. Proper began producing Vosa's 'High Line' liquid beverage in March of 2023, while MSA 1 was in effect. Its production was limited to taking Vosa's specifications, ingredients, and Buyer's Materials, including pre-labeled packaging, to produce and can the *beverage*, and send the canned beverage onto Vosa or, potentially, its distributor.

14. Proper did not design, create, or print any "High Line" marks.

15. In January of 2024, Proper and Vosa entered into a Master Service Agreement for Annual Contract ("MSA 2"). See Exhibit B.

16. The contractual arrangement between the parties remained the same: Proper was to provide services, labor, and equipment for the canning and packaging of Vosa's beverage. Vosa would furnish the specifications, ingredients, packaging, and would sell and distribute the products.

17. Pursuant to MSA 2, Vosa again represented that its Buyer Materials would be free from defects in workmanship, materials, and design. *Id.* at 7.1.

18. Pursuant to MSA 2, Vosa still retained all ownership rights in the Finished Product Branding. *Id.* at 12.2.

19. Pursuant to MSA 2, Vosa agreed to indemnify, defend, and hold Proper harmless from any and all losses, damages, liabilities, deficiencies, claims, actions, judgments settlements, interest, awards, penalties, fines, costs, or expenses of whatever kind incurred by Proper relating to or arising out of Vosa's breach of a representation or warranty, or Vosa's negligent (or more culpable) act or omission. *Id.* at 10.1.

20. Proper continued producing Vosa's High Line beverage in 2024.

21. Proper was never notified of any alleged trademark infringement until being served with this lawsuit.

22. Vosa was put on notice of the alleged infringement on, at the latest, May 2, 2024. It did not inform Proper of the allegations and, in fact, placed more orders for High Line beverage production and packaging.

23. Pursuant to its Complaint, Highline alleges Vosa's actions were knowing, intentionally, and willful.

24. Proper has appeared and defended Highline's Complaint, denying liability.

25. Proper now wishes to bring a cross-claim for indemnification and breach of contract.

26. This cross-claim arises out of the transaction or occurrence that is the subject of Highline's Complaint, it falls within this Court's ancillary or supplemental jurisdiction. *Coleman v. Casey Cty Bd of Ed*, 686 F.2d 428, 430 (6th Cir. 1982); 28 U.S.C. § 1367.

## COUNT I
## CONTRACTUAL INDEMNIFICATION

27. Proper incorporates the preceding paragraphs as though fully set forth herein.

28. Pursuant to MSA 1, Vosa agreed to indemnify, defend, and hold Proper harmless against any and all losses, damages, liabilities, deficiencies, claims, actions, judgments, settlements, interest, awards, penalties, fines, costs, or expenses of whatever kind, including attorney fees, relating to/arising out of or resulting from any claim of a third party arising out of or occurring in connection with the finished products; Vosa's obligations under the MSA; or Vosa's negligence, willfull misconduct, or breach of the MSA.

29. Pursuant to MSA 2, agreed to indemnify, defend, and hold Proper harmless from any and all losses, damages, liabilities, deficiencies, claims, actions, judgments settlements, interest, awards, penalties, fines, costs, or expenses of whatever kind incurred by Proper relating

to or arising out of Vosa's breach of a representation or warranty, or Vosa's negligent (or more culpable) act or omission.

30. Pursuant to MSA 1, Vosa agreed that Proper would join any lawsuit related to Vosa's branding "at the expense of" Vosa.

31. Pursuant to the MSAs, Vosa represented that its Buyer Materials (including the packaging it provided to Proper) were free from defects in materials and design.

32. Highline's claims arise out of and relate to Vosa's Finished Products.

33. Highline alleges that Vosa acted knowingly, intentionally, and willfully.

34. Vosa is contractually obligated to indemnify Proper for all loses, damages, liabilities, and claims under the MSAs, including attorney fees.

35. Vosa has refused to indemnify Proper to date.

## COUNT II
## COMMON LAW INDEMNITY

36. Proper incorporates the preceding paragraphs as though fully set forth herein.

37. Under Michigan law, "where the wrongful act of one results in another being held liable, the latter party is entitled to restitution from the wrongdoer." *Pontious v. Bliss*, 102 Mich. App. 718, 721 (1981).

38. Vosa created and designed the mark in question and provided Proper with the packaging bearing the mark in question.

39. Proper is only getting sued by Highline because of the actions of Vosa.

40. To the extent Highline is entitled to damages from Proper (which Proper fervently denies), it would only be based upon the (alleged) "wrongful act[s]" of Vosa, thereby entitling Proper to indemnification. *Pontious*, 102 Mich App at 721.

## COUNT III
## BREACH OF CONTRACT

41. Proper incorporates the preceding paragraphs as though fully set forth herein.

42. Pursuant to the MSAs, Vosa agreed to provide buyer materials (including the packaging it provided to Proper) were free from defects in materials and design.

43. Highline alleges the Buyer Materials were not free from defect in material or design.

44. If this is the case, Vosa breached its contractual obligation to Proper, thereby damaging Proper.

## REMEDIES

WHEREFORE, Proper respectfully request that this Court enter a judgment in its favor and against Vosa in an appropriate amount, plus interest, costs, attorneys fees, and such further and additional relief as the Court finds just and appropriate.

Respectfully Submitted,

CBH ATTORNEYS & COUNSELORS, PLLC

Date: June 11, 2025

By: _____
Andrew R. McInnis (P83626)
Attorney for Proper
25 Division Ave S., Suite 500
Grand Rapids, MI 49503
(616) 608-3061
drew@cbhattorneys.com